UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as assignee and subrogee of Destination XL Group, Inc., | * * * * * * * * | |
| Plaintiff, | * * | Civil Action No. 19-cv-12507-ADB |
| v. | * * | |
| KATIE PEREZ a/k/a KATIE CUNNINGHAM, | * * * | |
| Defendant. | * * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") filed suit against Defendant Katie Perez a/k/a Katie Cunningham ("Defendant") alleging conversion, unjust enrichment, and fraud, and seeking $203,877.77 in damages. [ECF No. 1]. Presently before the Court is Plaintiff's motion to hold Defendant in contempt, [ECF No. 23], for violating the Court's prior Order granting Plaintiff's motion to compel, [ECF No. 22]. For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff filed its complaint on December 12, 2019. [ECF No. 1]. Defendant was served with the complaint and summons on December 23, 2019, but failed to timely file an answer. See [ECF No. 13]. On January 23, 2020, the Clerk entered a default, [ECF No. 7], and the Court granted Plaintiff's motion for a default judgment on March 18, 2020, [ECF No. 13].

By defaulting, Defendant conceded the truth of the following factual allegations, which are contained in the complaint and were described in the Court's Order granting the motion for default judgment.  See In re Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)); [ECF No. 13].

> Between March, 2015 and May 30, 2017, Defendant, in her role as Contact Center Operations Specialist for Destination XL, conducted over 440 fraudulent transactions, misappropriating a total of $218,877.07 from Destination XL through her scheme.  Plaintiff admitted to the scheme after Destination XL discovered it.  Later, Defendant was criminally charged with larceny due to her scheme and paid $15,000 in restitution to Destination XL as part of the disposition of her case.  Defendant has not returned the remaining $203,877.07 that she misappropriated from Destination XL.  As Destination XL's insurer, [Plaintiff] indemnified Destination XL for the losses that it sustained as a result of Defendant's theft and has been assigned all of the rights, claims and causes of action that Destination XL has against Defendant.  Plaintiff is therefore entitled to damages in the sum certain amount of $208,902.01, which reflects the balance remaining on the amount she misappropriated, as well as pre-judgment interest of $4,624.94 and costs of $400.00.

[ECF No. 13 (internal citations and quotation marks omitted)].

After the Court granted the motion for default judgment, Plaintiff sought to execute its judgment and propounded discovery requests on January 5, 2021 relating to Defendant's finances and assets.  [ECF No. 20 at 3–4; ECF No. 20-2 at 3–15 (copy of interrogatories and requests for production)].  Plaintiff also wanted to depose Defendant on those same topics and noticed Defendant's deposition for March 1, 2021.  [ECF No. 20 at 3–4; ECF No. 20-2 at 16–17 (copy of deposition notice)].  After Defendant did not timely respond to the written discovery requests or sit for her deposition, Plaintiff filed a motion to compel.  [ECF Nos. 19, 20].  Defendant did not respond to the motion to compel, and the Court granted it on July 29, 2021 (the "July 29 Order").  [ECF No. 22].  In the July 29 Order, the Court directed Defendant to: "(1) to respond to [P]laintiff's January 5, 2021 interrogatories and document requests within 30 days

of [the July 29 Order], and (2) to sit for a deposition, at a time that is convenient for all parties, within 45 days of [the July 29 Order]." [Id.].

Via Federal Express and e-mail, Plaintiff sent Defendant a copy of the July 29 Order, a notice requesting that Defendant appear for a deposition on September 8, 2021, and a copy of the January 5, 2021 discovery requests. [ECF No. 24 at 4; ECF No. 24-5 ¶ 7]. To date, Defendant has not sat for her deposition and has not responded to the written discovery requests. See [ECF No. 24 at 4–5; ECF No. 24-5 ¶¶ 7–8]. In response to Defendant's failure to comply with the July 29 Order, Plaintiff filed the instant motion for contempt on November 2, 2021. [ECF No. 23]. Defendant's opposition to the motion was due on November 16, 2021, but she has not responded.

## II.     LEGAL STANDARD

For a court to hold a party in civil contempt, "a complainant must prove civil contempt by clear and convincing evidence." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) (quoting Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991)). The Plaintiff must show "(1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order." Hawkins v. Dept. of Health & Human Servs., 665 F.3d 25, 31 (1st Cir. 2012) (internal quotations and citation omitted).

## III.    DISCUSSION

### A.     Plaintiff Has Proven Civil Contempt

Plaintiff has demonstrated, by clear and convincing evidence, that Defendant is in contempt of the July 29 Order. First, Defendant had notice of the July 29 Order. Plaintiff sent it to Defendant via Federal Express and e-mail. The Federal Express tracking notice indicates that it was delivered and signed for on August 3, 2021. [ECF No. 24-4]. Second, Defendant could

comply with the Court's order because she only had to sit for a deposition and provide responses to Plaintiff's discovery requests, and the Court has no reason to think she is unable to do either of those things.

Third, the July 29 Order was clear and unambiguous. In considering whether an order was clear and unambiguous, the Court must determine "whether the putative contemnor [wa]s able to ascertain from the four corners of the order precisely what acts" were ordered. Goya Foods, Inc. v. Wallack Mgmt Co., 290 F.3d 63, 76 (1st Cir. 2002) (internal quotation marks omitted) (quoting Gilday v. Dubois, 124 F.3d 277, 282 (1st Cir. 1997)). The "'clear and unambiguous' standard applies to the *language* of the relevant court order, not to its effectiveness." Id. "[A]ny ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." Project B.A.S.I.C., 947 F.2d at 16. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls '[t]he judicial power of the United States' would be a mere mockery." Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911) (quoting U.S. Const. art. III § 1). Here, the July 29 Order explicitly outlined the two tasks that Defendant was ordered to complete and provided deadlines for doing so—(1) respond to Plaintiff's written discovery requests within 30 days and (2) sit for a deposition within 45 days. [ECF No. 22].

Finally, there is clear and convincing evidence that Defendant has continued to violate the July 29 Order. Plaintiff's counsel submitted a declaration explaining that, despite being notified of the July 29 Order, Defendant did not show up for her deposition, which was noticed for September 8, 2021. Counsel's declaration also indicates that Defendant has not responded to

4

Plaintiff's interrogatories and requests for production. Both of the deadlines set by the July 29 Order have now expired.

### B.  Plaintiff Has Not Requested Any Sanctions

As described above, Defendant is in civil contempt of the July 29 Order. Plaintiff, however, has not briefed the issue of appropriate sanctions for Defendant's civil contempt nor has Plaintiff asked for any further action from the Court. Accordingly, by December 8, 2021, Plaintiff may file a supplemental brief indicating what further action, if any, it requests from the Court. Defendant may respond to Plaintiff's supplemental brief by December 22, 2021.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion, [ECF No. 23], is <u>GRANTED</u>. Defendant is hereby found in contempt of the Court's July 29 Order for her failure to sit for her deposition or respond to Defendant's January 5, 2021 requests for production and interrogatories.

Plaintiff may file a supplemental brief by December 8, 2021. Defendant may respond to the supplemental brief by December 22, 2021.

**SO ORDERED.**

November 23, 2021                                                         /s/ Allison D. Burroughs
                                                                                       ALLISON D. BURROUGHS
                                                                                       U.S. DISTRICT JUDGE